IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BOBBY F. HUNTER                                                                                         PLAINTIFF

v.                              Civil No.  12-5150

JAIL ADMINISTRATOR RANDALL
DENZER                                                                                                   DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed under the provisions of 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

An order (Doc. 20) was entered on October 15, 2012, directing the Plaintiff to file an addendum to the complaint.  The addendum was to be filed by October 31, 2012.  On October 16th, mail sent to Plaintiff at the Washington County Detention Center (WCDC) was returned as undeliverable.  Plaintiff's new address was obtained by Court staff and a change of address order was entered.

All mail returned as undeliverable, which included the order (Doc. 20), was resent to the new address on October 26, 2012.  On November 11, 2012, a show cause order (Doc. 23) was entered.  Plaintiff was given until November 26, 2012, to show cause why this case should not be dismissed based on his failure to inform the Court of his new address and his failure to file the addendum.  Plaintiff has not responded to the show cause order.

On November 19, 2012, Defendant filed a motion to dismiss (Doc. 24).  The motion is based on Plaintiff making the statement, during his deposition, that he wanted to dismiss this action.

For the reasons stated, I recommend that the case be dismissed due to Plaintiff's failure to obey the orders of the Court and his failure to prosecute this action.  Fed. R. Civ. P. 41(b).

Additionally, the motion to dismiss (Doc. 24) should be granted based on Plaintiff's own statement that he did not want to proceed with this case.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**

**DATED this 6th of December 2012.**

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)